UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 22-00001 |
| RODNEY ROUSSELL | SECTION: T (5) |

### ORDER AND REASONS

Before the Court are Rodney Roussell's Motion for Compassionate Release and Motion for Appointment of Counsel. R. Doc. 47. The government has filed a response opposing the motions. R. Doc. 51. Roussell has filed a reply to the government's response. R. Doc. 52. For the reasons set forth below, the Court will deny the motions.

BACKGROUND

On January 7, 2022, Roussell was charged by bill of information with one count of bank fraud in violation of 18 U.S.C. § 1344 for theft of over $200,000 from his employer. R. Doc. 1. According to the Factual Basis, R. Doc. 20, Roussell's employer had hired him through a work re-entry program for persons with criminal records. As part of this re-entry program, Roussell was paid wage and incentive payments for remaining employed for a certain length of time. The re-entry program also provided rental assistance for Roussell's housing. Roussell created a fictitious lessor company and directed his employer to send the rental assistance payments to the company he created. Roussell did not disclose to his employer that he operated the purported rental company

1

receiving the rental assistance payments. Roussell also accessed his employer's bank account to make several payments on Roussell's credit card. In total, Roussell stole $213,372.05 from his employer's bank account.

On March 8, 2022, Roussell pleaded guilty to the one count Bill of Information. R. Doc. 18. On July 12, 2022, this Court sentenced Roussell to imprisonment for 70 months, supervised release of five years, and ordered him to pay restitution in the amount of $213,372.05. R. Doc. Doc. 39. Roussell is serving his sentence at FCI Memphis. He has served approximately 35 months of the 70-month prison sentence and is scheduled to be released on September 11, 2026. R. Doc. 51.

Roussell filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), alleging that (1) he is the only caregiver for his elderly, infirm parents; (2) his rehabilitation efforts support early release; and (3) the factors set forth in 18 U.S.C. 3553(a) support his early release. The government has responded, asserting the Motion should be denied because he does not present an "extraordinary and compelling reason" on which to grant relief and because the factors set forth in 18 U.S.C. § 3553(a) do not support early release. R. Doc. 51.

LAW and ANALYSIS

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden,

2

whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A).[1] Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

---

[1] The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent

3

**1. Exhaustion**

In the instant case, Roussell has exhausted administrative remedies by requesting reduction in sentence from his warden more than thirty days from his motion. R. Doc. 47, p. 3. The government agrees he has met the exhaustion requirement. R. Doc. 51, p. 5.

**2. Appointment of Counsel**

Before addressing the merits of Roussell's Motion for Compassionate Release, the Court will resolve his Motion for Appointment of Counsel. It is well-settled there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to 18 U.S.C. § 3582(c)(1)(A)(i) motions like Roussell's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citations omitted). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Delco*, 2020 WL 4569670, * 2 (E.D. La. Aug. 7, 2020) (quote and citations omitted); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). Here, the interests of justice do "not require the appointment of counsel because defendant's motion does not involve complicated or unresolved issues." *See Joseph*, 2020 WL 3128845, at *2. Roussell has submitted a thorough albeit unsuccessful brief with exhibits and has

4

adequately presented his motion *pro se*. Nothing in his pleadings suggests he is incapable of pursuing his desired relief without the assistance of counsel or that such assistance would effect a different result. Accordingly, the appointment of counsel is not warranted and his Motion is denied.

### 3. Extraordinary and Compelling Reasons

Courts may only grant compassionate release when "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The relevant policy statement is set out in § 1B1.13 of the United States Sentencing Guidelines, which articulates six "extraordinary and compelling reasons" that could warrant a reduced sentence, including: (1) medical conditions of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, and (4) the defendant has been a victim of abuse while incarcerated. A fifth category comprises "other reasons" "similar in gravity" to these four. U.S.S.G. § 1B1.13(b).[2]

### i. Family Circumstances

Roussell first seeks early release based on family circumstances pursuant to § 1B1.13(b)(3)(C): "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." According to Roussell, his mother, who is 83 years old, suffers from "numerous heart and medical conditions," is unable to drive or care for herself, and has early onset dementia. *See* R. Doc. 47-1 at 1. Roussell states that his father, who is also 83 years

---

[2] The sixth reason is articulated as an "unusually long sentence." U.S.S.G. § 1B1.13(b)(6).

5

old, is Roussell's mother's current caretaker but he "suffers from several severe medical conditions and struggles with mobility." *Id.* Roussell states that his father had surgery in October 2024 and has been hospitalized twice since Roussell has been in prison. *Id.* Roussell claims that he is his parents' only option for a caregiver. Roussell attached a letter from his father, Mr. Richard Roussell ("Mr. Roussell"), who details his and his wife's medical conditions. Mr. Roussell states that he is the current caregiver for his wife, who suffers with dementia and has "passed out several times" requiring hospitalization. *See* R. Doc. 47-4. Mr. Roussell provides details of his own infirmities stating that he has poor memory, has had surgery on his knee, and has been hospitalized twice. *Id.* Mr. Roussell also states that he is a fully disabled veteran and does not know whether he will live another year. Mr. Roussell requests his son be released early so that he can care for him and his wife—Roussell's mother. *Id.*

For guidance on what constitutes "incapacitation," courts look to the BOP's non-binding Program Statement for processing compassionate release requests. *United States v. White*, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021); *United States v. Tyler*, No. CR 09-391, 2021 WL 736467, at *3 (E.D. La. Feb. 25, 2021). The Bureau of Prisons' program statement defines "incapacitation" to mean that a person either (1) has "[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [person] is completely disabled, meaning that the [person] cannot carry on any self-care and is totally confined to a bed or chair," or (2) has "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [person's] mental capacity or function), but may not be confined to

6

a bed or chair." *White*, at 3-4 (quoting Federal Bureau of Prisons, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 10).

Even allowing that Mrs. Roussell's medical condition likely meets the definition of incapacitation, the government argues that her medical condition would not form a basis for relief because Roussell's father is her caretaker and Mr. Roussell's medical condition does not meet the incapacitation standard. The Court agrees. Roussell's father, who at age 83, undoubtedly has infirmities, is not confined to a bed or chair and is currently able to care for himself and his wife. Moreover, Roussell has not shown that he is the only person who could provide care to his parents. *See United States v. Phillips*, No. CR 13-286, 2021 WL 4476819, at *4 (E.D. La. Sept. 30, 2021) (relief denied for defendant who provided no evidence that he is the only person who can care for his parents and failure to demonstrate that other relatives could not care for ailing parents). As the government points out, Roussell's release plan names an aunt who would assist Roussell with his own medical needs should he be released. R. Doc. 51, p. 9. Accordingly, Roussell has failed to show that his family circumstances are extraordinary and compelling reasons meriting compassionate release.

### ii. Other Reasons

Roussell alternatively seeks release based on the "other reasons" provision in Section 1B1.13(b)(5). This provision was added effective November 1, 2023, when the Sentencing Commission amended § 1B1.13. *See* U.S.S.G. Suppl. to App. C, amend. 814. The amendment revised the Commission's position on what may count as an extraordinary and compelling reason

7

for relief. The policy statement first sets out enumerated grounds for relief: the defendant's (1) medical circumstances; (2) age; (3) family circumstances; and (4) whether the defendant was a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023). The amendment also modified the catch-all, "Other Reasons" provision, which now states:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G § 1B1.13(b)(5).

In support of his claim, Roussell points to evidence of his rehabilitation, his lack of recent disciplinary infractions while incarcerated, completion of Bureau of Prisons courses, and his status as an author as additional reasons supporting his early release. *See* R. Doc. 47 at 5, Attachments 47-6 through 47-16. The government counters that this presentation is insufficient based on the "similar in gravity" limitation contained in § 1B1.13(b)(5). The catch-all category must be "similar in gravity" to the enumerated grounds of medical circumstances, age, family circumstances, and victim of abuse while in custody. R. Doc. 51, p. 10 (quoting *United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024) ("The first four enumerated circumstances ask: Is the defendant exceptionally sick, elderly, indispensable for family care, or was he the victim of abuse while in custody? . . . . The catch-all category then makes room for 'other circumstance[s]' 'similar in gravity' to these.")).

But rehabilitation and good behavior while incarcerated, though certainly laudable, have not generally been considered extraordinary and compelling. *See e.g., United States v. Cage*, No. CR 98-194, 2022 WL 2965920, at *4 (E.D. La. July 27, 2022) (defendant's rehabilitative efforts including involvement in prison programs and published author not considered extraordinary and compelling); *United States v. Harrelson*, No. 4:11-CR-182-SDJ, 2022 WL 2910013, at *6 (E.D. Tex. July 22, 2022) (the court may consider post-sentencing rehabilitation efforts in ruling on a compassionate-release motion, but rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason); *see also* 28 U.S.C. § 944(t).[3] The Court does not find Roussell has established "other reasons" meriting early release "similar in gravity to those described in paragraphs (1) through (4)" of 18 U.S.S.G. § 1B1.13(b).

### iii. 18 U.S.C. § 3553(a)

When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[ ] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, "the nature and circumstances of the offense and the history and characteristics of the defendant" militate against compassionate release. *See* 18 U.S.C. § 3553(a).[4] As set out in the presentence

---

[3] 28 U.S.C. § 944(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

[4] The § 3553(a) factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

investigation report, which the Court adopted at sentencing, Roussell, in the span of two months, stole over $213,000 from his employer, an organization participating in a program designed to provide work opportunities to those with prior convictions like Roussel. He committed the instant offense while he was on parole for another offense. Roussell is 43 years old and has a lengthy record of criminal conduct involving fraud. None of Roussell's prior convictions involves violence but he has a long history of violating the terms of his parole or supervised release. R. Doc. 51, p. 11. The Court finds that the § 3553(a) factors do not support a reduction in Roussell's sentence.

Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release and the Motion for Appointment of Counsel (R. Doc. 47) are DENIED.

New Orleans, Louisiana, this 18th day of June 2025.

*[signature]*
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct; [and]
(C) to protect the public from further crimes of the defendant[.]